IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELISHA L. GRESHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-1315-GMS |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF HEALTH AND SOCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff Elisha L. Gresham ("Gresham"), who proceeds *pro se* and has been granted leave to proceed in *forma pauperis*, filed this action alleging employment discrimination. (D.I. 2.) Before the court is the defendant's motion to dismiss. (D.I. 10.) Gresham opposes the motion.

### II. BACKGROUND

Gresham was employed by the defendant Delaware Department of Health and Human Social Services ("DHSS") as a purchasing services coordinator II. (D.I. 2 at 4.) She alleges that, from her second interview in November 2013 until her termination from employment in February 2016, "management continued attacking [her] from all aspects: disability, discrimination, and harassment because they hired [her] into a position they didn't want but the Department Director at the time felt [that she] was a better matched candidate for the position.

(*Id.*) She alleges that management eventually forced her from her merit position with the State.[1] (*Id.*)

Gresham alleges the attacks from management had gotten so bad and were so severe that her disability worsened and her physicians had her taken out of work. (*Id.* at 5.) She alleges that the Department of Labor and several of her doctors confirmed her disability. (*Id.*) She alleges DHSS approved the decision of the State contracted life insurance company to stop her short term disability payments and the requirement for her to return to work sooner than her doctor authorized. (*Id.*) Gresham alleges this resulted in DHSS terminating her for failure to return to work, and it made up many untrue/false statements about her job performance as well as racial comments and gender preferences to her personally in an attempt to justify the termination. (*Id.*)

It appears that Gresham filed a charge of discrimination. The complaint refers to EEOC # 846-2015-28851. (*Id.* at 6.) The complaint does not indicate when the charge was filed and it was not provided to the court. Gresham states that the EEOC eventually authorized her "right to sue" letter from the Federal Department of Justice, No. 17C201600302 (Fed. DOJ). (*Id.*) Gresham does not indicate when she received the notice of suit rights, and it was not provided to the court. She filed her complaint on December 27, 2016. She seeks compensatory damages. (*Id.* at 7.)

DHSS moves for dismissal (D.I. 10) pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) on the grounds that: (1) Gresham failed to attached a right to sue notice authorizing this lawsuit;

---

[1] Gresham also discusses her spouse's employment circumstances. Because the case was filed by Gresham on her behalf and she is the only named plaintiff, the court does not consider any claims Gresham may attempt to bring on behalf of her spouse.

2

(2) DHSS is immune from suit to the extent Gresham seeks recovery under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; (3) and Gresham fails to state plausible claims against DHSS because she failed to complete the required administrative process. (*See* D.I. 10).

## III. STANDARDS OF LAW

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Gresham proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement

3

of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, __U.S. __, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

### A. ADA

DHSS moves for dismissal to the extent Gresham raises ADA claims against it on the basis of its immunity from suit. Gresham's position appears to be that DHSS altered the wording of the Eleventh Amendment to benefit itself.

Title I of the ADA, 42 U.S.C. § 1211, prohibits employment discrimination against the disabled. The law is settled that Gresham may not recover in federal court under Title I of the ADA for her discrimination claims against the State. Congress may abrogate the States' Eleventh Amendment immunity when it unequivocally intends to do so "and acts pursuant to a valid grant of constitutional authority." *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (internal quotation marks and alteration omitted). In *Garrett*, the Supreme Court invalidated Congress' abrogation of the States' immunity to claims under Title I of the ADA. *Id.* at 374. Accordingly, under the Eleventh Amendment, the State is immune from suit

4

for damages brought pursuant to Title 1 of the ADA. *See id.* at 363; *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005). Therefore, the court will grant DHSS's motion to dismiss to the extent that Gresham raises a claim against DHSS for damages under Title I of the ADA.

### B. Administrative Remedies

DHSS moves for dismissal on the grounds that Gresham did not attach to the complaint a copy of her notice of suit rights letter or provide a copy to the court. Gresham argues that the EEOC provided DHSS with a copy of the right to sue notice and she refers to the notice in her complaint. (D.I. 11.) As discussed, the court was not provided with a copy of Gresham's charge of discrimination or with a copy of the notice of suit rights. As a result, it is unclear if Gresham proceeds on disability, gender or race discrimination claims. She mentions all three in the complaint.

The ADA adopts the enforcement procedures of Title VII. *See* 42 U.S.C. § 12117; *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 160 (3d Cir. 2006) (applying Title VII procedural requirements to ADA discrimination claim). For employment discrimination claims under Title VII of the Civil Rights Act of 1964, the administrative prerequisites as provided in 42 U.S.C. § 2000e-5, require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination, in Delaware the DDOL. *See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right to sue letter, only then may a plaintiff file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1). Title VII provides that a complainant has ninety days from the receipt of an EEOC right to sue letter to file an action in court. *See* 42 U.S.C. § 2000e-

5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). Receipt of a right to sue letter is a prerequisite to filing a private action. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. 2007) (unpublished) (plaintiff may not proceed with Title VII claim because he neither received right to sue letter nor submitted evidence indicating that he requested right to sue letter); *Burgh v. Borough Council of Monrose*, 251 F.3d 465, 470 (3d Cir. 2001).

While Gresham argues in her opposition that she filed a charge of discrimination with the EEOC, and that the EEOC issued a right to sue letter, the court concludes that she has failed to adequately allege that she exhausted her administrative remedies as is required. Specifically, Gresham does not allege that she timely presented her claims to the EEOC. Nor did she provided any documentation that she exhausted her administrative remedies. As a result, the court is unable to discern when she filed a charge of discrimination and does not know what is contained within the charge of discrimination. In addition, the court cannot determine when, or if, Gresham received a notice of suit rights.

Therefore, the court will grant the motion to dismiss for failure to complete the administrative process. However, Gresham will be given leave to file an amended complaint to assert factual allegations that she has exhausted his administrative remedies under Title VII. Should she choose to file an amended complaint she must provide the court with a copy of the charge of discrimination and a copy of the right to sue letter from the EEOC.

## V. CONCLUSION

Based upon the above discussion, the court will: (1) grant the motion to dismiss the ADA claims based upon the DHSS' immunity from suit (D.I. 10); (2) grant the defendant's

motion to dismiss for failure to complete the administrative process (D.I. 10); and (3) give the plaintiff leave to file an amended complaint.[2]

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____Feb 5_____, 2018
Wilmington, Delaware

---

[2] Plaintiff will be given leave to amend and, therefore, will have an opportunity to cure any pleading defects. As a result, the court will not address the other grounds for dismissal raised by DHSS.