# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ELISHA L. GRESHAM,       )
                         )
       Plaintiff,      )
                         )
       v.           )     Civ. No. 16-1315-GMS
                         )
STATE OF DELAWARE DEPARTMENT )
OF HEALTH AND SOCIAL SERVICES,  )
                         )
       Defendants.    )

## MEMORANDUM

The plaintiff, Elisha L. Gresham ("the plaintiff"), who appears *pro se*, commenced this action on December 27, 2016, raising employment discrimination claims. On February 5, 2018, the court granted the defendant's motion to dismiss and gave the plaintiff leave to amend. (D.I. 14, 15.) The plaintiff moves for reconsideration. (D.I. 17.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that

inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The plaintiff moves for reconsideration on the grounds that the EEOC found she was discriminated against, this was supported by the U.S. Department of Justice, and her case has been proven as it went through the proper levels. In granting the defendant's motion to dismiss, the court noted that the plaintiff had not provided the court with copies of her charge(s) of discrimination or copies of right to sue letters. (*See* D.I. 14, 15.) The plaintiff was given leave to amend until on or before March 5, 2018.

The plaintiff has not filed an amended complaint but has provided copies of letters dated November 1, 2016, advising her that she has the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211, *et seq.*, and Title V, Section 503 of the Act, 42 U.S.C. § 12203. (D.I. 16.) The plaintiff has not provided copies of her charge(s) of discrimination.

The information the plaintiff recently filed (D.I. 16) was not before the court when it granted the defendant's motion to dismiss. The court has again reviewed the complaint, motion to dismiss, and applicable law and finds that the plaintiff has failed to demonstrate any grounds for reconsideration of the order that granted the defendants' motion to dismiss. Therefore, the

motion for reconsideration (D.I. 17) will be denied.  The plaintiff will be given additional time to file an amended complaint as set forth in the February 5, 2018 memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

_____, 2018
Wilmington, Delaware